UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MARTINEZ BRATCHER,<br><br>    Plaintiff,<br><br>    v.<br><br>SALINAS VALLEY STATE PRISON, et al.,<br><br>    Defendants. | No. C 14-4285 NC (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

    Plaintiff Christopher Martinez Bratcher, a California prisoner proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983 alleging that Defendants have denied him adequate medical care and basic necessities, thereby violating his Eighth Amendment rights. Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. For the reasons stated below, the complaint is dismissed with leave to amend.

## DISCUSSION

### I. Standard of Review

    A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be

granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Id.* at 634.

## II. Factual Background

According to the complaint, Plaintiff arrived at SVSP on February 7, 2014. After a few days, Plaintiff noticed a smell coming from his mattress. He discovered that the bottom of the mattress was moist, had rust, and caused mildew to form on his sheets. Plaintiff "repeatedly requested' a new mattress from the housing unit staff.

Plaintiff became sick and nauseous, and had red bumps and rashes appear on his legs and arms. Plaintiff submitted a sick form and saw an unknown nurse, Jane Doe #1, who gave him hydrocortizone cream for an apparent skin rash. Plaintiff then saw Defendant Dr. Tuvera, who diagnosed Plaintiff with several different skin issues and have him two different medications. Plaintiff explained that the medications did not work because it was the actual mattress causing the sickness.

Plaintiff claims that Defendant Dr. Gamboa refused to order him a new mattress. Plaintiff was told that he would see the dermatologist but it never occurred. Dr. Gamboa believes that the medication Plaintiff was receiving for his mental health was the cause of the rashes and his nauseousness. On Dr. Gamboa's advice, Plaintiff went to the mental health doctor and had a portion of his medication discontinued. Plaintiff believes that this resulted in his mental health deteriorating, so he requested his medication to be restored to its normal allotment.

Instead of replacing Plaintiff's mattress, eventually, the housing unit inmate workers provided Plaintiff with two large plastic bags to cover the mattress. Plaintiff has been handwashing all of his sheets and blankets. Plaintiff concedes that the combination of handwashing the linens, along with the medications given to Plaintiff "appear to be working."

## III. Eighth Amendment

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation

3

alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff's allegations, even liberally construed, are insufficient to state a claim for deliberate indifference to his serious medical needs. Specifically, the complaint does not allege any facts suggesting that Defendants acted with deliberate indifference. A defendant is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id.* at 837. The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Toguchi*, 391 F.3d at 1058 (citation omitted).

Here, liberally construed, the facts show that Dr. Tuvera and Dr. Gamboa diagnosed Plaintiff and attempted to treat his medical issues with medication. As Plaintiff has conceded, the medication is working. Plaintiff has not alleged any facts to show that the treatment selected for him by these doctors were medically unacceptable or chosen in conscious disregard of an excessive risk to Plaintiff's health. Plaintiff will be given leave to amend his complaint if he can correct these deficiencies in good faith. In his amended complaint, Plaintiff must allege specific facts showing what Defendants did or failed to do that amounted to deliberate indifference to his medical needs.

Plaintiff also appears to allege the unspecified Defendants violated his Eighth Amendment right to basic necessities. Even assuming that an unclean mattress is an objectively serious deprivation of sanitation or other basic necessity, Plaintiff has not linked any Defendant to this claim. Further, Plaintiff has named as defendants Deputy Director J. Lewis, Chief Medical Executive J. Dunlap, Chief Physician K. Kumar, Warden Randy Grounds, Health Care Services, and John Doe #1 and #2. However, there are no allegations in the complaint against these Defendants. Plaintiff attaches to his complaint various appeals

4

forms and medical records, apparently as a way to state a claim against these Defendants. The court will not read through exhibits to piece together a claim for a plaintiff who has not pled one. It is Plaintiff's obligation to write out a complete statement of his claim in his amended complaint if he can do so in good faith. In his amended complaint, Plaintiff must allege specific facts showing what these Defendants did or failed to do that amounted to a violation of the Eighth Amendment.

## CONCLUSION

1. The complaint is DISMISSED with leave to amend. If Plaintiff believes he can cure the above-mentioned deficiencies in good faith, he must file an amended complaint within **twenty-eight days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 14-4285 NC (PR)) and the words AMENDED COMPLAINT on the first page. **Failure to file an amended complaint within twenty-eight days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.** The Clerk of the Court is directed to send Plaintiff a blank civil rights form along with his copy of this order.

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:     January 20, 2015

NATHANAEL M. COUSINS
United States Magistrate Judge

5