UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MARTINEZ BRATCHER, | No. C 14-4285 NC (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| SALINAS VALLEY STATE PRISON, et al., | |
| Defendants. | |

Plaintiff Christopher Martinez Bratcher, a California prisoner proceeding *pro se*, filed an amended civil rights action under 42 U.S.C. § 1983 alleging that Defendants have denied him adequate medical care and basic necessities, thereby violating his Eighth Amendment rights. For the reasons stated below, the amended complaint is dismissed.

## DISCUSSION

### I. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Id.* at 634.

## II. Factual Background

According to the amended complaint, in February 2014, Plaintiff requested medical assistance regarding a rash on his skin that he received from an unclean mattress. Non-defendant Nurse K. Zalwango diagnosed Plaintiff as having an inflammatory skin condition and prescribed hydrocortisone cream. Plaintiff was instructed to return for a follow-up in 7 days.

Approximately 7 days later, Plaintiff requested medical assistance, complaining that the hydrocortisone cream was not working and the rash had gotten worse. The following day, Nurse K. Zalwango noted that the rash had spread, and Plaintiff was then prescribed Triamcinolone and Vistaril for 2 weeks, and instructed to change his clothes daily.

On March 6, 2014, Plaintiff requested medical assistance, again complaining that the rash was worsening and the medication was not working. On April 1, 2014, Defendant Dr. Fernando Tuvera prescribed zinc oxide and Eucerin lotion. However, Plaintiff never received either. Plaintiff claims that Dr. Tuvera and Defendant Dr. Kim Kumar were

deliberately indifferent to Plaintiff's serious medical needs.

In addition, Plaintiff claims that on May 6, 2014, Defendants Dr. Gamboa and Deputy Director J. Lewis failed to provide Plaintiff with a new mattress and sheets. Plaintiff asserts that their failure to do so showed deliberate indifference to Plaintiff's health.

### III. Eighth Amendment

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff's allegations, even liberally construed, are insufficient to state a claim for deliberate indifference to his serious medical needs or health. Specifically, the amended complaint does not allege any facts suggesting that Defendants acted with deliberate indifference. A defendant is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id.* at 837. The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Toguchi*, 391 F.3d at 1058 (citation omitted).

Here, liberally construed, the facts show that Dr. Tuvera attended to Plaintiff on April 1, 2014 and prescribed zinc oxide and Eucerin lotion. Although Plaintiff apparently did not receive the zinc oxide or Eucerin lotion, Plaintiff does not provide any facts from which it can be inferred that Dr. Tuvera was responsible for delivering either. Nor can it be inferred that Dr. Tuvera delayed or denied either prescription from getting to Plaintiff. Moreover, Plaintiff alleges no non-conclusory facts about what Dr. Kim Kumar did or did not do that

demonstrates deliberate indifference.  Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Here, Plaintiff has not done so.  In short, Plaintiff has failed to allege specific facts showing what Defendants did or failed to do that amounted to deliberate indifference to Plaintiff's medical needs or health.  Thus, the claim against Defendants Dr. Tuvera and Dr. Kumar are DISMISSED.  Dismissal is without leave to amend as Plaintiff has already amended once and it appears further amendment would be futile.

Plaintiff's vague claim against Defendants Dr. Gamboa and Deputy Director J. Lewis also fails.  Plaintiff merely states that they failed to provide him with a new mattress and linen sheets.  However, even assuming that an unclean mattress is an objectively serious deprivation of sanitation or other basic necessity, the Court previously advised Plaintiff that it is Plaintiff's obligation to write out a complete statement of his claim in his amended complaint by alleging specific facts showing what these Defendants did or failed to do that amounted to a violation of the Eighth Amendment.  Plaintiff has not done so.  Plaintiff has proffered no facts from which it can be inferred that Defendants Dr. Gamboa and Deputy Director J. Lewis failed to provide Plaintiff with a new mattress and linens knowing that the failure to do so would subject Plaintiff to a substantial risk of serious harm.  Thus, the claim against Defendants Dr. Gamboa and Deputy Director J. Lewis is DISMISSED.   Dismissal is without leave to amend as Plaintiff has already amended once and it appears further amendment would be futile.

## CONCLUSION

The amended complaint is DISMISSED for failure to state a claim for relief.  The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED:  May 19, 2015

NATHANAEL M. COUSINS
United States Magistrate Judge

4